## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| JASON J. LEGASSICK and ) | |
| JODI LEGASSICK ) | |
| ) | Bankruptcy No. 10-02202 |
| Debtors. ) | |

## MEMORANDUM AND ORDER RE: MOTION FOR ORDER TO SHOW CAUSE AND MOTION FOR SANCTIONS

Debtors brought Motions for an Order to Show Cause and for Sanctions Against the Internal Revenue Service (IRS) for violating the terms of their confirmed plan. The IRS retained post-petition tax refunds that the Debtors believed they should have received. The IRS argues that the Debtors were not entitled to receive these refunds and they did not violate this Court's Plan Confirmation Order. Thus the IRS asserts that it cannot be in contempt. The Court held a telephonic hearing, and the parties extensively briefed this issue. Joseph A. Peiffer and Abram V. Carls appeared for Debtors, and Curtis J. Weidler appeared for the IRS. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Debtors brought these motions because they believe the IRS violated this Court's Plan Confirmation Order by offsetting Debtors' post-confirmation tax refunds for 2012 and 2013 against taxes Debtors owe. Debtors request sanctions

for violation of the terms of the Plan including interest, costs, any fees assessed by the IRS, and attorneys' fees. The IRS argues that all the tax obligations involved here are post-petition debts. The IRS argues that it is not bound to the extent the Plan proposed to address post-petition debt. It also claims it has not waived its sovereign immunity regarding the issue of post-petition debt. The IRS makes several other similar arguments that this Court need not address. The Court finds that the IRS is not a "creditor" under § 1227 because the Plan addressed only post-petition tax obligations. The Court alternatively finds that even if the IRS was a creditor, § 1222(2)(A)(2) does not apply to post-petition tax obligations. The Court concludes that the IRS is not in contempt of any order of this Court, and find no cause for sanctions to be imposed.

## FINDINGS OF FACT

The parties submitted this matter on stipulated facts. Debtors are family farmers in Delaware County, Iowa. They filed their Chapter 12 bankruptcy petition on August 7, 2010. Debtors gave notice of the bankruptcy filing to the IRS on August 9, 2010, and the IRS acknowledged receipt of this notice. Debtors submitted their Chapter 12 Plan of Reorganization on February 8, 2011 (the "Plan"). The Court established a deadline to file objections by March 7, 2011.

The Court approved the Plan with five oral modifications on March 18, 2011 after a confirmation hearing. The IRS did not file a proof of claim or a Plan

objection at any point. The IRS received notice of all deadlines.

Only one section of the Confirmed Plan is relevant here. Section 5.2 reads:

**Claims of Governmental Units Classified and Treated as Unsecured Claims Pursuant to 11 U.S.C. §1222(a)(2)(A).** Debtors owe claims to the United States of America acting by and through the Internal Revenue Service and to the State of Iowa acting by and through the Iowa Department of Revenue for income taxes arising from the sale of farm assets used in Debtors' farming operation (machinery) in calendar year 2010; and (land) that this Court has approved a sale that will close in 2011. In addition, the Debtors will owe income taxes for depreciation recapture when they sell milking equipment and grain bins post-confirmation and pay the proceeds to Farm Credit Services of America as is set forth in Paragraph 5.3(b) below. The amount of these tax claims shall be classified, treated and discharged as unsecured claims, and shall be calculated by subtracting that amount of tax resulting on the income tax return, as if the taxable income for the sale, exchange, transfer or other disposition of the farming asset was excluded from the tax return, and from the tax resulting had the taxable income been reported on the Debtors' return. The unsecured classification, treatment and discharge described in the preceding sentence is known as the Marginal Method approved by the Court in *In re Knudsen*, 581 F.3d 696 (8th Cir. 2009). The amount of these taxes is estimated to be $81,000, but, however, is not ascertainable until the tax returns for both tax years 2010, 2011 and 2012 have been filed.

Because of this provision, Debtors specifically stated that items and land transferred in 2010 and 2011 would be treated as unsecured claims under 11 U.S.C. § 1222(a)(2)(A). Debtors used the "Marginal Method" to determine their tax liability as described in Section 5.2. Debtors concluded that the income tax eligible for treatment under § 1222(a)(2)(A) was $69,465.00.

The Debtors' filed a Form 1040 for 2010 and reported no tax liability.

Debtors requested a refund and received of $9,809.  For 2011, the only tax liability that Debtors incurred resulted from the sale or other disposition of farming equipment, machinery, and/or land.[1]  Debtors used the Marginal Method to calculate 2011 tax and calculated that they did not owe any tax.  In fact, they claimed a refund of $5,702.  The IRS disagreed and assessed Debtors' 2011 taxes owed as $66,414.00.  Debtors, in turn, disagreed with the IRS's calculation given the § 1222(a)(2)(A) treatment of the 2011 taxes.  Debtors believe they owed nothing and should receive the refund.

Debtors filed their 2012 tax return and requested a refund of $5,706.00.  The IRS had no problem with the calculation but did not issue that refund.  Instead, it applied the refund to back taxes it claims that Debtors owed from 2011.  The IRS then demanded on or about May 20, 2013 that Debtors pay the outstanding tax balance of $67,518.49.  This demand was Debtors' first notice that the IRS was keeping and applying Debtors' 2012 tax refund to taxes owed for 2011.

Debtors filed their 2013 tax returns, requesting a refund of $6,865.00.  Again, the IRS had no problem with the calculation but retained this refund and applied it to back taxes owed from 2011.  The IRS then again demanded repayment

---

[1] Debtors created a pro forma tax return computed based on the Marginal Method found in Knudsen v. IRS, 581 F.3d 696 (8th Cir. 2009).  This method takes the tax associated with the sale of farm equipment of out of the tax return so debtors can determine if they would have had any other tax apart from the farm equipment tax.  In this case, Debtors had no other tax due apart from what would have been due for the sale of farm assets.

of the back taxes for $65,431.85. This occurred on April 14, 2014.

On April 16, 2012, Debtors' attorney set a letter to Eileen Barr, an insolvency advisor for the IRS. The letter explained the situation and requested the withheld tax refunds. It also included copies of the 2011 tax return and the "Pro Forma" income tax return. Ms. Barr informed Debtors' counsel that Pro Forma returns were not used to determine tax refunds. Debtors filed these motions on December 20, 2013.

The IRS agrees that the Debtors timely submitted each tax return for 2010 through 2013. The IRS did not file any proof of claim in this case. The IRS also did not object to confirmation of the Plan. The Debtors have not yet received a discharge.

## CONCLUSIONS OF LAW

Debtors asked the Court to hold the IRS in contempt for violation of the Court's order confirming Debtors' Chapter 12 Plan. Debtors request sanctions in the form of monetary damages. The IRS argues that it did not violate any Court order, so sanctions are not warranted.

**I.    This Court has subject matter jurisdiction in this case.**

As a preliminary matter, the IRS argues that this Court does not have subject matter jurisdiction. The IRS asserts it is protected by sovereign immunity. Debtors argue the United States has specifically waived sovereign immunity under

5

11 U.S.C. § 106. The Court agrees.

"A court lacks jurisdiction to entertain an action brought against the United States absent an express statutory waiver of sovereign immunity." United States v. Bond, 762 F.3d 255, 259–60 (2d Cir. 2014) (citing United States v. Dalm, 494 U.S. 596, 608 (1990)). Section 106 of the Bankruptcy Code states:

> Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to . . . Section[] . . . 1227 . . . . The court may hear and determine any issue arising with respect to the application of suction sections to governmental units.

Under that section, sovereign immunity is specifically abrogated for § 1227—the provision at issue here.

Section 1227 explains the effect of plan confirmation in a Chapter 12 case. Debtors specifically rely upon § 1227 in their motions and arguments. The IRS cannot claim sovereign immunity from a determination under § 1227 because that section is specifically mentioned in § 106 as subject to the waiver of sovereign immunity. Thus, this Court has subject matter jurisdiction here.

**II.    The Plan cannot bind the IRS as to the post-petition tax claims.**

The Debtors argue that under § 1227, the IRS is bound by the terms of the Plan, particularly Section 5.2, and the order confirming it. Debtors assert sanctions should be awarded because the IRS has taken action contrary to the Plan. The IRS again raises a sovereign immunity argument, which the Court rejects for the

reasons above. However, in making that argument, the IRS points out that even if it were not a government entity, it still could not be bound by the terms in Section 5.2 because it is not a "creditor." The IRS points out that the Bankruptcy Code definition of a creditor does not apply to it because it has only a post-petition tax claim.

Debtors bear the burden of showing a Court order violation in a contempt proceeding. Koehler v. Grant, 213 B.R. 567, 570 (B.A.P. 8th Cir. 1997). The movant must show by clear and convincing evidence that 1) the other party was aware of the order and 2) the order was specific and definite. Id. (citing United States v. Di Mauro, 441 F.2d 428, 439 (8th Cir. 1971)). "Once the plaintiff has made this prima facie showing, the burden shifts to the defendant to show that he or she was unable to comply with the court's order." Id.

Once a bankruptcy plan is confirmed, it is an order of the Court. JCB, Inc. v. Union Planters Bank, NA, 539 F.3d 862, 870 (8th Cir. 2008); see also In re Kwik-Way Prods., Inc., No. 08-00382, 2012 WL 6737828, at *2 (Bankr. N.D. Iowa Dec. 28, 2012) (violating the Plan violates the Order). The IRS admits it knew of the confirmed Plan before setting off Debtors tax refunds. It does not, however, believe it was bound by the Plan because it is not a "creditor" under § 1227.

**A. The IRS is not a creditor as to the post-petition taxes.**

7

Section 1227 explains what persons or entities are bound by a plan confirmation: It specifically states that

> the provisions of a confirmed plan bind the debtor, each **creditor**, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor . . . is provided for by the plan, and **whether or not such creditor . . . has objected to, has accepted, or rejected the plan.**

11 U.S.C. § 1227(a) (emphasis added). The IRS points out that it is not a "creditor." The Bankruptcy Code defines "creditor" as an "entity that has a **claim** against the debtor that arose **at the time of or before the order for relief** concerning the debtor." Id. § 101(10) (emphasis added); cf. Hollywell Corp. v. Smith, 503 U.S. 47, 58–59 (1992) ("Even if § 1141(a) binds creditors of the corporate and individual debtors with respect to claims that arose before conformation, we do not see how it can bind the United States or any other creditor with respect to post-confirmation claims."). In a voluntary case, the order for relief occurs at the filing of the petition. Id. § 301.

Here, Debtors filed their voluntary petition on August 7, 2010. There is no dispute that the first debt to the IRS at issue here arose only after disposing of the farming assets in 2011. The IRS simply did not have a claim before the order for relief. As a result, the Court finds the IRS cannot be a "creditor" under § 1227 for any taxes that arose post-petition. Section 1227 only binds creditors to the Chapter 12 Plan. Therefore, the Plan cannot and did not bind the IRS, and there is no basis

for the sanctions requested.

### B. It does not matter that the IRS did not object to the Plan before confirmation.

Debtors argue that because the IRS did not object to the Plan after having notice, it is bound on this basis. See United Student Air Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). The Court disagrees. While § 1227 would normally bind all creditors to the terms of the Plan whether or not the creditor objected, the IRS is not a creditor. Therefore, the fact that the IRS did not object is irrelevant here.

### III. Section 1222(a)(2)(A) applies only to prepetition taxes.

Even if the IRS was bound by the Plan under § 1227, the purported treatment of its future claims under § 1222(a)(2)(A) is unlawful. Debtors specifically argue that § 1222(a)(2)(A) does allow their 2011 tax obligations to be discharged. The IRS disagrees that § 1222(a)(2)(A) applies or even could be applied to post-petition tax obligations.

### A. The Plan cannot bind the IRS on post-petition tax claims.

Section 1222(a)(2)(A) allows family farmers to treat taxes arising from the sale or disposition of farm assets as general unsecured claims. 11 U.S.C. § 1222(a)(2)(A) (2013). In other words, § 1222(a)(2)(A) specifically removes these types of tax claims from priority treatment under § 507. Id. Presumably, Congress created the provision to allow family farmers greater relief from their tax obligations in an effort to aid the reorganization process. See Hall v. United States,

132 S. Ct. 1882, 1893 (2012).

The Court believes Hall controls in this case. The facts in Hall are similar to this case. In Hall, the debtors filed for Chapter 12 bankruptcy and incorporated § 1222(a)(2)(A) into their plan. Hall, 132 S. Ct. at 1883. They proposed a Chapter 12 plan in which the proceeds from selling their farm would be used to pay off creditors. Id. at 1886. The IRS objected to the plan, arguing that the debtors still needed to pay the capital gains tax accruing post-petition on the sale of the farm. Id.

The Bankruptcy Court agreed with the IRS. The District Court reversed. The Ninth Circuit Court of Appeals reversed the District Court. The Supreme Court granted certiorari to resolve a circuit split on the issue. One of the cases involved in the circuit split was in the Eighth Circuit, Knudsen v. IRS, 581 F.3d 696 (8th Cir. 2009).

The Supreme Court affirmed the Ninth Circuit and held—contrary to Knudsen—for the IRS. The Court explained:

> Under § 1222(a)(2)(A), certain governmental claims resulting from the disposition of farm assets are downgraded to general, unsecured claims that are dischargeable after less than full payment. The claims are stripped of their priority status.
>
> That exception, however, applies only to claims in the plan that are 'entitled to priority under section 507' in the first place. Section 507 lists 10 categories of such claims. Two pertain to taxes: One category, § 507(a)(8), covers prepetition taxes, and is inapplicable in this case. The other, § 507(a)(2) covers 'administrative expenses allowed under section 503(b),'

10

> which in turn includes 'any tax . . . incurred by the estate.' Thus, **for postpetition taxes to be entitled to priority** under § 507 and **eligible for the § 1222(a)(2)(A) exception, the taxes must be 'incurred by the estate.'**

Hall, 132 S. Ct. at 1885–86 (citations omitted) (emphasis added). The Court went on to explain that the Chapter 12 estate is not a taxable entity separate from the Debtor, so any income taxes incurred post-petition could not be "incurred by the estate." Id. at 1887. As a result, any post-petition tax claims that a Chapter 12 debtor incurs cannot be considered to be part of his or her bankruptcy estate. Id. The debtor, individually, must be responsible for post-petition tax claims, even where they arise from the disposition of farm assets.[2] Id. ("The postpetition federal income tax liability is not 'incurred by the estate' and thus is neither collectable nor dischargeable in the Chapter 12 plan."). The ruling in Hall specifically abrogated the ruling in the Eighth Circuit case on the issue, Knudsen v. IRS.

Here, Debtors filed their Chapter 12 petition on August 7, 2010. They sold farm assets sometime in 2011. They incurred income taxes from the sale for the 2011 tax year. Debtors have attempted to use the income from the sale as part of their Chapter 12 Plan by improperly applying § 1222(a)(2)(A) to post-petition tax claims. This provision runs afoul of Hall. Therefore, the Debtor's 2011 tax liabilities are nondischargeable.

---

[2] If the taxes were incurred during the same year as Debtors filed their petition, it appears that § 1222(a)(2)(A) would apply given the language of § 507(a)(8). That section allows priority for taxes "for a tax year ending on or before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A).

11

**B. Applicable law**

Debtors argue that Hall should not be applied here. Debtors point out that they filed their Plan on February 8, 2011, and this Court confirmed it on March 18, 2011. They also point out that Hall was not decided until May 14, 2012. They argue that Knudsen was still the applicable law in the Eighth Circuit at the time of plan confirmation.

Debtors properly point out that normally the law at the time of plan confirmation will apply even when there is a change of law post-confirmation. See In re Justice, 418 B.R. 342, 345 (Bankr. W.D. Mo. 2009) ("Generally speaking, a postconfirmation change of law, even when the change is statutory, should not warrant an amendment to a confirmed plan."). As Judge Federman noted in Justice, what appears at first blush to be a change in the law is really the Supreme Court's simple clarification of an existing law: "Rather, the Eighth Circuit essentially said that the BAP incorrectly interpreted [the Bankruptcy Code.] In other words, the Eighth Circuit's reversal of [the prior case] was not a change in law but was, instead, a clarification of what [the Code] has meant all along." Id. A clarification of existing law is not a change in the law. Id.

The language in § 1222(a)(2)(A) has not changed since Knudsen. There have been no amendments to § 1222 at all since 2005. Therefore, regardless of when the Plan was confirmed, the interpretation of § 1222(a)(2)(A) in Hall

governs. The Court is not applying different law. It is simply applying the law as clarified in Hall.

## CONCLUSION

The Court concludes that the Chapter 12 Plan did not bind the IRS as to the post-petition tax claims. Therefore, Debtors were not entitled to those refunds, and the IRS is not in contempt of this Court's order.

**WHEREFORE,** the Motion for an Order to Show Cause and Motion for Sanctions are **dismissed.**

Dated and Entered:

April 13, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE