# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| JASON J. LEGASSICK and ) | |
| JODI LEGASSICK ) | |
| ) | Bankruptcy No. 10-02202 |
| Debtors. ) | |

## MEMORANDUM AND ORDER RE: MOTION TO ALTER OR AMEND PRIOR ORDER

Debtors filed a Motion to Alter or Amend this Court's order issued on April 13, 2015. In re Legassick, No. 10-02202 (Bankr. N.D. Iowa Apr. 13, 2015), ECF No. 221. The IRS opposes the Motion. The Court held a telephonic hearing on this matter on May 13, 2015. Abram V. Carls and Joseph A. Peiffer appeared for Debtors, and Curtis J. Weidler appeared for the IRS. Carol Dunbar appeared as the Chapter 12 Trustee. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## STATEMENT OF THE CASE

Debtors ask the Court to reverse its prior ruling. Debtors argue that the Court should reconsider the res judicata effect of Debtors' confirmed Chapter 12 plan (the "Plan") and the effect of the then-controlling case law on the Plan. Debtors argue a post-confirmation ruling by the Supreme Court does not change the terms of the Plan. Debtors also argue that the Court has decided an issue that was not before it.

The IRS argues that Debtors are simply re-arguing issues that the Court has already considered. In addition, the IRS agrees with the Court's conclusion that the IRS is not bound by Debtors' Plan because it was not a creditor in the case.

The Court concludes that Debtor is correct and the Court should amend and revise its previous ruling. The Court then also must address the issue of whether the IRS was in contempt of the Order confirming Debtors' Plan when the IRS attempted to collect post-petition taxes addressed in the Plan. The Court concludes that the IRS was in contempt of the confirmation order, but monetary sanctions are not warranted.

## FINDINGS OF FACT

Debtors' Motion states that they would like the Court to "amend its findings of fact and make additional findings of fact, as necessary." The Court finds only a few fact amendments are necessary in this case. The Court incorporates, by reference, all of the factual findings in In re Legassick, No. 10-02202 (Bankr. N.D. Iowa Apr. 13, 2015), ECF No. 221 not addressed or altered below.

Debtors point out that the Court failed to include the fact that the IRS agreed to a joint stipulation on key facts. The following statement from the joint stipulation reflects the law applicable at the time of confirmation.

> Under the marginal method, the amount of the United States' claim against the Debtors for 2011 income taxes that qualified for treatment under 11 U.S.C. § 1222(a)(2)(A) was $69,465.00. The United States holds no additional income-tax claim for 2011, except it does claim interest and

penalties for late payments of the 2011 claim amount. Joint Stipulation of Facts, ECF No. 203, para. 10. While the Court did specifically note that "Debtors concluded that the income tax **eligible** for treatment under § 1222(a)(2)(A) was $69,465.00," In re Legassick, No. 10-02202 (Bankr. N.D. Iowa Apr. 13, 2015), ECF No. 221, at 3 (emphasis added), it will nonetheless amend its ruling to include the full statement in the stipulation.

Debtor states that the Court also failed to include and properly analyze the following relevant portion of the plan. Section 5.1 reads:

> All priority claims shall be paid in full pursuant to 11 U.S.C. § 1222(a)(2). This paragraph excludes the claims of the United States of America acting by and through the Internal Revenue Service and the Iowa Department of Revenue referred to in Paragraph 5.2 as they were treated as unsecured claims.

United States' Response to Debtors' Interrogatories, Interrogatory n.3.

## CONCLUSIONS OF LAW

Debtors argue that the Court did not correctly analyze the binding res judicata of Debtors' Plan. Debtors argue that the Court confirmed the Plan, without objection from the IRS, under the applicable law at the time as stated in Knudsen v. IRS, 581 F.3d 696 (8th Cir. 2009). Debtors argue that the applicable law at the time, not law that became effective later, applies here. In particular, they argue that the Court should not have retroactively applied Hall v. United States, 132 S. Ct. 1882 (2012) in this case. Hall was decided after confirmation. The IRS

agrees with the Court's conclusions in its Ruling and asks the Court to deny Debtors' Motion.

## I.     Federal Rule of Bankruptcy Procedure 9023

Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to bring a motion to alter or amend a judgment. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assoc. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (internal quotation marks omitted).

Here, the motion is appropriate because Debtors believe that the Court made a decision that went beyond the scope of what it was asked to decide. All of the facts presented and the legal theories were already put before the Court. Debtors only note that the Court failed to properly find the facts and determine the law on those arguments. Therefore, the Court will decide the motion based on whether there was a "manifest error of law."

## II.    The Knudsen case and the Question of Hall's Retroactivity

A key fact and complicating aspect of this case is that the Plan was

4

confirmed under law that is no longer valid. Debtors argue that the Court inappropriately allowed a later Supreme Court case to have retroactive effect on an already confirmed Chapter 12 Plan.

At the time of Plan confirmation, Knudsen v. IRS was controlling law in the Eighth Circuit. Knudsen v. IRS, 581 F.3d 696 (8th Cir. 2009). It is undisputed that Debtors proposed and confirmed their plan under Knudsen. Knudsen, 581 F.3d at 706 ("Accordingly, we conclude, as did the district court in Dawes, that nothing in the provision restricts its application to only those disposition that occur *before* the debtor files his bankruptcy petition, nor does § 1222(a)(2)(A) apply to merely 'creditors' of the debtor, as it specifically refers to claims 'owed to a governmental unit.'").

Knudsen was effectively reversed by Hall v. United States, 132 S. Ct. 1882 (2012).[1] Hall contradicted Knudsen by declaring that § 1222(a)(2)(A) cannot apply to post-petition tax claims because those claims do not fall under § 507. Hall, 132 S. Ct. at 1885–86.

In the Ruling that Debtors ask the Court to reconsider here, the Court concluded that Hall was not a change in the law, but was a clarification of the meaning of the Bankruptcy Code. In re Legassick, ECF No. 221, at 12–13. The

---

[1] In fact, the case that Knudsen heavily relies upon in the relevant section was also later reversed by the Tenth Circuit. Dawes v. Nazar (In re Dawes), 415 B.R. 815 (D. Kan. 2009), rev'd by United States v. Dawes (In re Dawes), 652 F.3d 1236 (10th Cir. 2011).

5

Court continues to hold that view but that does not entirely dispose of this matter.

The Eighth Circuit has stated that "confirmation of a plan generally acts as a final order." Zahn v. Fink (In re Zahn), 526 F. 3d 1140, 1143 (8th Cir. 2008); see also Broken Bow Ranch, Inc. v. Farmers Home Admin., 33 F.3d 1005, 1008 (8th Cir. 1994); Pleasant Woods Assoc. Ltd. P'ship v. Simmons First Nat'l Bank, 2 F.3d 837 (8th Cir. 1993); Lewis v. United States, 992 F.2d 767 (8th Cir. 1992). A change or clarification in the law will not affect a final judgment, including a confirmed bankruptcy plan. In re Justice, 418 B.R. 342, 345 (Bankr. W.D. Mo. 2009). The parties do not dispute the state of the law at the time of the Plan, but they do dispute whether the Court should have retroactively applied Hall to this case.

Debtors' Plan was confirmed on March 7, 2011, well before Hall was decided in 2012. Thus, the Court determines that Hall should **not** be applied to the Plan in this case. The Court amends its prior ruling to reflect this. The analysis thus depends on the rationale in Knudsen instead of Hall.

### III. Whether the Plan Binds the IRS

Debtors argue that the Knudsen ruling hinges on the fact that the IRS is considered a creditor on both its pre- and post-petition claims. If the IRS is a creditor under Knudsen, then it has waived its sovereign immunity and must be bound by the Plan. The IRS disagrees with this reading of Knudsen, and notes that

6

nothing changes the fact that the IRS is still not a creditor as defined in § 101(10). Thus, the IRS argues that the Plan did not and cannot bind it. A thorough examination of Knudsen in the context of the res judicata effect of the Plan is necessary to address this dispute.

### A. Res Judicata Requirements

There are four requirements that must be met for an order to have res judicata: "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involved the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action." Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir. 1998). In addition, the party against whom res judicata is claimed should have had a "full and fair opportunity to litigate the matter." Id. (quoting W.A. Lang Co. v. Anderberg-Lund Printing Co. (In re Anderberg-Lund Printing Co.), 109 F.3d 1343, 1346 (8th Cir. 1997)). The res judicata doctrine bars a party from litigating claims that either were or could have been raised in an earlier proceeding. Brown v. Felsen, 442 U.S. 127, 131 (1979).

Debtors have the burden to show that res judicata applies here. As discussed above, the Plan confirmation was a final judgment, which fulfills the first requirement. The Court had jurisdiction to enter the judgment, which satisfies the second requirement. The Court fully incorporates its discussion regarding the

7

IRS's waiver of sovereign immunity relating to §§ 106 and 1227. In re Legassick, ECF No. 221, at 5–6. The remaining questions are (1) whether the Plan confirmation and this proceeding involved the same parties, (2) whether both claims are based on the same causes of action, and (3) whether the IRS had a full and fair opportunity to litigate.

### 1. Whether the IRS Was a Party to the Confirmed Plan

Debtors state that the IRS was a party to the confirmation, so it is bound by the Plan. The IRS argues that it was not a creditor in this bankruptcy, and thus could not have been bound.

Section 1227 specifically states the parties that are bound to a Chapter 12 Plan:

> the provisions of a confirmed plan bind the debtor, each **creditor**, each equity security holder, and each general partner in the debtor, whether or not the claim of such creditor . . . is provided for by the plan, and whether or not such creditor . . . has objected to, has accepted, or rejected the plan.

11 U.S.C. § 1227(a). This provision determines who would be bound by the Plan for purposes of res judicata. Cf. Dycoal v. IRS (In re Dycoal, Inc.), 327 B.R. 220, 222–23 (Bankr. W.D. Pa. 2005) (affirming the statement that "§ 1141, which statutory provision, the Court holds, sets forth, with exceptions not applicable herein, the universe of parties that may be bound by a confirmed plan or order that confirms such plan"); Max Recovery Inc. v. Than (In re Than), 215 B.R. 430, 432

8

(B.A.P. 9th Cir. 1997) ("Section 1327 states the res judicata effect of plan confirmation. . . .").

Section 1227 binds creditors, regardless of whether they file a claim. The question, then, is whether the IRS is a creditor under § 1227. Debtors make two arguments to show that the IRS is a creditor. First, Debtors argue that the Plan stated that the IRS was a creditor. Second, and more importantly, they argue that Knudsen made a governmental entity that has a post-petition claim a creditor for purposes of § 1227. The IRS disagrees with both of these arguments.

The Court need not address Debtors' first argument as the second is dispositive. Debtors argue that Knudsen rules that the IRS is a creditor for purposes of res judicata. The IRS disagrees with this reading of Knudsen. Knudsen discusses whether the IRS is a creditor at length. The discussion, however, is in the context of § 1222(a)(2)(A), not § 1227. The Eighth Circuit explained,

> Section 1222(a)(2)(A) does not mention "creditors." Rather, the statute specifically applies to "claim[s] owed to a governmental unit . . . [.]" 11 U.S.C. § 1222(a)(2)(A). The term "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unseduced.["] 11 U.S.C. § 101(5)(A). In the case at hand, the IRS, a governmental unit, has a right to payment for capital gain taxes arising from the sale of the Debtors' farm property. It thus has a claim against the debtors. Section 1222, by its terms, is not limited to "creditors."

Knudsen v. IRS, 581 F.3d 696, 705 (8th Cir. 2009) (quoting with approval Dawes

9

v. Nazar (In re Dawes), 415 B.R. 815 (D. Kan. 2009), rev'd by United States v. Dawes (In re Dawes), 652 F.3d 1236 (10th Cir. 2011)) (alterations in original). The Eighth Circuit also stated:

> Nowhere in the language of § 1222(a)(2)(A) does it condition application of the section to situations in which the government is a "creditor" of the debtor. Instead, § 1222(a)(2)(A) clearly and unequivocally applies to a "governmental unit," regardless of whether that "governmental unit" qualifies as a "creditor" of the debtor under § 1227(a).

Id. at 707–08. The Eighth Circuit thus concludes that § 1222(a)(2)(A) disregards the requirement that the IRS be a "creditor" to be bound by a Chapter 12 Plan, implying that § 1222(a)(2)(A) trumps § 1227. The Eighth Circuit did not specifically state that IRS was a creditor as to post-petition debt. In fact, it seems as if the Eighth Circuit avoids the question by looking only at § 1222(a)(2)(A) without considering § 1227.

While the Eighth Circuit's rationale is no longer the governing law, it was the applicable law at the time this Plan was confirmed. Therefore, because the Plan included a § 1222(a)(2)(A) provision, the IRS, as a governmental entity, was bound by that portion of the Plan.

### 2. Whether Both Claims are Based on the Same Cause of Action

Debtors argue that the post-petition claims the IRS asserts are the same as the claims that were addressed and treated in the Plan. Debtors argue that the requirement that this case must address the same claim or the same cause of action

10

previously addressed at confirmation is therefore satisfied. The IRS argues that its creditor status was not within the scope of the conflict addressed in the Plan, so this requirement is not met.

The Eighth Circuit states: "a claim is barred by res judicata if it arises out of the same nucleus of operative facts as the prior claim." Yankton Sioux Tribe v. U.S. Dep't of Health and Human Servs., 533 F.3d 634, 641 (8th Cir. 2008) (quoting Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990)) (internal quotation marks omitted).

The Plan deals directly with the taxes disputed here and whether they would be discharged in the Plan. The Plan did not need to specifically state that the IRS was a creditor. It stated that the IRS had claims against Debtors, and—under Knudsen, which applied at that time—that is enough. The conflict, which the Plan resolved, thus involved the same operative facts for res judicata purposes.

### 3. Whether the IRS Had a Full and Fair Opportunity to Litigate

Debtors point out that the IRS could have objected to the Plan based on its argument that it was not a creditor, but it did not do so. The IRS argues that it was not given a full and fair opportunity to litigate, partly because of it was not a creditor.

Debtors notified the IRS of their intent to confirm a plan that addressed the IRS claims and provided a copy of their proposed plan to the IRS. The IRS could

have attended the confirmation hearing and objected to the Plan based on the argument that it should not be included in the Plan because it is not a creditor as to the post-petition debts. It chose not to do so, apparently because <u>Knudson</u> was the controlling law at the time. The IRS, however, could have appeared at the hearing to object and to preserve the issue of <u>Knudsen</u>'s validity for appeal. It did not object to the Plan in any way, and never addressed it until the disputed setoff.

The IRS had the opportunity to object, and preserve for appeal the validity of <u>Knudson</u>, but chose not to do so. If it had, it very well may have gotten the benefit of <u>Hall</u>, which effectively overruled <u>Knudsen</u>. The IRS thus had a full and fair opportunity to litigate, but it chose not to participate.

### IV.  Whether the Court Should Award Monetary Sanctions

As noted by the difficulties the Court has had with these issues, the dispute here involved an extremely complicated legal matter. The Court now finds that the IRS violated the terms of the Plan and that the IRS should recognize the full terms of the Plan. Because the Court has found that the Plan bound the IRS, the Court must now address the issue Debtors originally brought before the Court—whether the IRS should be sanctioned for violating the confirmation order. Any set off or action taken by the IRS must be reversed. Debtors tax treatment for the years at issue is governed by the Plan. However, given the complex legal background of

this disputed debt, the Court does not believe further monetary sanctions are appropriate here.

**WHEREFORE,** Debtors' Motion to Alter or Amend is **GRANTED.**

**WHEREFORE,** the IRS's setoff was in contempt of this Court's order. The IRS must recognize the full terms of Debtors' Plan. The IRS will provide Debtors with the tax refunds to which they are entitled.

**WHEREFORE,** the Motion for an Order to Show Cause and Motion for Sanctions are **DENIED.**


Dated and Entered:
 July 8, 2015

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE